# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **PATRICIA BOLDEN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CASE NO.:_____ |
| | ) |
| **SAM'S WHOLESALE,** | ) |
| | ) |
| **Defendant.** | ) |

## NOTICE OF REMOVAL

**COMES NOW SAM'S EAST, INC., incorrectly designated in the Complaint as "SAM'S WHOLESALE" (hereinafter "SAM'S" or "SAM'S CLUB"),** the Defendant in the above-styled cause, and pursuant to 28 U.S.C. §§ 1441 and 1446, gives notice of its removal of this action to the United States District Court for the Northern District of Alabama, Southern Division. As grounds therefor, the Defendant states as follows:

1.  The Plaintiff is a resident citizen of the State of Alabama and was a resident citizen of the State of Alabama at the time of this Notice of Removal.

2.  The Defendant was organized and exists under the laws of the State of Delaware and its principal place of business both at present and at the time of the incident made the basis of this suit is the State of Arkansas. Accordingly, the

Defendant is a citizen of the States of Delaware and Arkansas.

3. This action is removed within 30 days of the date within which it is first removable as the Defendant was served with the Complaint and Summons on August 16, 2017.

4. This action is a matter of which the United States District Court has jurisdiction in that the controversy is wholly between citizens of different states. Jurisdiction is based upon complete diversity of citizenship and the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs, in compliance with 28 U.S.C. § 1332.

5. The Plaintiff filed suit against Sam's Club on August 8, 2017, alleging negligence with regard to an incident that occurred on or about December 22, 2016, at Sam's Club 8247 in Homewood, Alabama. The Plaintiff seeks an unspecified amount of compensatory in the Complaint. (Plaintiff's Complaint).

6. According to the Complaint, the Plaintiff "sustained serious bodily injuries." On May 12, 2017, counsel for the Plaintiff forwarded a pre-litigation settlement demand detailing the Plaintiff's injuries and damages:

> [Plaintiff] suffered injuries to her neck, left ankle, left foot, left knee, left shoulder, [and] upper and lower back. She also suffered from muscle spasms. Her injuries required spinal block (sic) to control the pain and spasms. She continues to suffer from the injuries she sustained due to this accident.

(Correspondence from Plaintiff's Counsel to Claims Management, Inc., attached

hereto and made a part hereof as Exhibit 1.)

7. The Plaintiff's demand letter continues to outline her monetary damages as follows:

| | |
|---|---|
| Medical Expenses | $11,924.50 |
| Mileage | $ 162.40 |
| Loss Wages | $13, 376.00 |
| Past/Future Pain and Suffering | $ 75,000.00 |
| **TOTAL DAMAGES ASSESSED** | **$100,300.90** |

Ex. 1.

8. Title 28, United States Code § 1332 confers on federal courts jurisdiction in civil actions "in which the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." A party may remove the case if it originally could have been brought in federal court. See, 28 U.S.C. § 1441(a).

9. In the instant action, it cannot be disputed that this case is between citizens of different states. With respect to the amount in controversy, Courts apply a preponderance of the evidence standard to the amount in controversy analysis when the complaint fails to specify the damages award sought in state court. See, Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744 (11th Cir. 2010); Lowery v. Ala. Power Co., 483 F.3d 1184 (11th Cir. 2007).

10. In the case at bar, the Plaintiff did not specify an amount in controversy; therefore, the preponderance of the evidence standard applies to the determination

of whether this Court has jurisdiction over the Plaintiff's claims.

11.   The Eleventh Circuit has recognized that a settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim. See, generally, Burns v. Windsor, Ins. Co., 31 F.3d 1092, 1097 (11th Cir. 1994); see also Jackson v. Select Portfolio Servicing, Inc., 651 F. Supp 2d 1279, 1281 (S. D. Ala. 2009). Settlement offers, like the Plaintiff's May 12, 2017 letter to Claims Management, Inc., that offer **specific information** to support the plaintiff's claim for damages suggest the plaintiff is offering a reasonable assessment of the value of her claim and are entitled to more weight. See McKeel v. Hodum Trucking, LLC, No. 12-0079-CG-M, 2012 U.S. Dist. LEXIS 93781 (S.D. Ala. June 18, 2012) (citations omitted).

12.   The Plaintiff's settlement demand outlines specific monetary damages that exceed the jurisdictional limit. The letter describes its demand of $100,300 as "reasonable" and made "in good faith" considering the nature of the Plaintiff's injuries and losses occurred. As such, the letter serves as sufficient evidence of the jurisdictional amount in this action. See McCullough v. Plum Creek Timberlands, L.P., No. 3:09-cv-1038-MHT, 2010 U.S. Dist. LEXIS 23 (M.D. Ala. Jan. 4, 2010). Therefore, removal is proper in this case.

13.   A copy of this Notice of Removal has been filed with the Circuit Court of Jefferson County, Alabama.

**WHEREFORE, PREMISES CONSIDERED,** Defendant requests this Court to assume full jurisdiction over the cause herein as provided by law.

/s/ Marda W. Sydnor
**MARDA W. SYDNOR**
Attorney for Defendant

**OF COUNSEL:**

PARSONS, LEE & JULIANO, P.C.
600 Vestavia Parkway, Suite 300
Birmingham, AL 35216
(205) 326-6600
msydnor@pljpc.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this 15th day of September, 2017, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

Ms. Rolessa Powell Coleman
714 32nd Street South
Birmingham, AL 35233
eph41112@aol.com

/s/ Marda W. Sydnor
OF COUNSEL