

AlaFile E-Notice

01-CV-2017-903320.00

To: MARDA W. SYDNOR
msydnor@pljpc.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

PATRICIA BOLDEN V. SAMS WHOLESALE CORPORATE OFFICE
01-CV-2017-903320.00

The following answer was FILED on 9/15/2017 4:07:29 PM

Notice Date:   9/15/2017 4:07:29 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov

DOCUMENT 8

Case 2:17-cv-01590-UJB-LSC   Document 1-4   Filed 09/15/17   Page 2 of 7

ELECTRONICALLY FILED
9/15/2017 4:07 PM
01-CV-2017-903320.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**

| | |
|---|---|
| **PATRICIA BOLDEN,** | ) |
| **Plaintiff,** | ) |
| vs. | ) **CIVIL ACTION NO. CV-2017-903320** |
| **SAM'S WHOLESALE,** | ) |
| **Defendant.** | ) |

**ANSWER OF DEFENDANT SAM'S**

**COMES NOW SAM'S EAST, INC.,** incorrectly designated in the Complaint as "Sam's Wholesale" (hereinafter "SAM'S" or "SAM'S CLUB"), **the Defendant** in the above-styled cause, and in response to Plaintiff's Complaint, and to each count and paragraph thereof, separately and severally, states as follows:

I.

As this paragraph is a statement of the Plaintiff's age and residence and contains no allegation against the Defendant, it requires no response. To the extent this paragraph may be construed as asserting any allegation against the Defendant, it is denied.

II.

The Defendant is unaware of a legal entity by the name of "Sam's Wholesale" or "Sam's Wholesale Inc." Sam's East, Inc. is a foreign corporation organized under the laws of Delaware with its principal place of business in Arkansas. The Sam's Club located at Lakeshore Parkway in Birmingham, Alabama is operated by Sam's East, Inc.

1

III.

Denied.

IV.

Denied.

V.

As this paragraph is a statement of the Plaintiff that she is seeking damages within the jurisdictional limitations of the Court, it requires no response. To the extent this paragraph seeks damages against the Defendant, Defendant denies that Plaintiff is entitled to the relief requested and demands strict proof thereof.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

**DEFENDANT SAM'S CLUB** asserts the following affirmative and additional defenses, reserving the right to amend this Answer by adding, deleting, or amending defenses as may be appropriate as discovery progresses:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Defendant denies each and every material averment of Plaintiff's Complaint and demands strict proof thereof.

### THIRD DEFENSE

The Defendant denies that it was guilty of negligence as is alleged in the Complaint, and denies further that any such alleged negligence on its part proximately caused or proximately contributed to the injuries and damages referred to in the Complaint.

## FOURTH DEFENSE

The Defendant avers that there is no causal relationship between the actions of the Defendant and the injuries and damages referred to in the Complaint.

## FIFTH DEFENSE

The Defendant avers that the incident complained of was proximately caused by an independent, intervening or superseding cause, and not by the acts of the Defendant.

## SIXTH DEFENSE

The Defendant avers that the Plaintiff was herself guilty of negligence in connection with the claims asserted in the Complaint, and that such negligence on her part proximately caused or proximately contributed to the injuries and damages referred to in the Complaint.

## SEVENTH DEFENSE

The Defendant denies that the Plaintiff was injured to the nature and extent claimed and demands strict proof thereof.

## EIGHTH DEFENSE

The Defendant asserts any statutory cap on damages enacted at present or subsequent to the filing of this Answer.

## NINTH DEFENSE

The Defendant avers that the Plaintiff's claim is barred by the applicable statute of limitations.

## TENTH DEFENSE

The Defendant contends that the Plaintiff assumed the risk of injury and damage, and is thereby barred from recovery.

**ELEVENTH DEFENSE**

The Defendant asserts that the Plaintiff has failed to mitigate damages as is required by law.

**TWELFTH DEFENSE**

The Defendant asserts that to the extent there was a hazard, it was or should have been open and obvious to the Plaintiff.

**THIRTEENTH DEFENSE**

The Defendant avers that some or all of Plaintiff's claims are barred by release, laches, waiver, set off and/or estoppel.

**FOURTEENTH DEFENSE**

The Defendant denies that it had actual or constructive notice of any alleged unsafe condition as is alleged in the Complaint.

**FIFTEENTH DEFENSE**

The Defendant denies that any act or omission on its part was a proximate cause of any injury to the Plaintiff.

**SIXTEENTH DEFENSE**

The Defendant avers that it owed Plaintiff no duty as is alleged in the Plaintiff's Complaint.

**SEVENTEENTH DEFENSE**

The Defendant avers that the Plaintiff's claims are barred, in a whole or in part, because Plaintiff failed to undertake the precautions that a reasonably prudent person would take to protect against dangers which a reasonably careful person would reasonably appreciate under the same or similar circumstances.

**EIGHTEENTH DEFENSE**

The Defendant avers that Plaintiff assumed the risk of conditions present and the dangers inherent therein.

**NINTEENTH DEFENSE**

Against any damages claimed by Plaintiff, the Defendant asserts as a defense, credit, or set-off any settlement (and any monies paid pursuant thereto) between Plaintiff and any other person or entity and any monies paid to or on behalf of Plaintiff, by any source, for injuries or damages suffered in the incident made the basis of this case.

**TWENTIETH DEFENSE**

The Defendant gives notice that it intends to rely upon any other defenses that may become available or appear during the discovery proceedings in this case and hereby reserves its right to amend its Answer to the Complaint to assert any such defenses.

   /s/ Marda W. Sydnor
**MARDA W. SYDNOR**
Attorney for Defendant

**OF COUNSEL:**
Parsons, Lee & Juliano, P.C.
600 Vestavia Parkway, Suite 300
Birmingham, AL  35216
(205) 326-6600
(205) 324-7097
msydnor@pljpc.com

**THE DEFENDANT DEMANDS TRIAL BY STRUCK JURY
ON ALL ISSUES IN THIS CAUSE.**

<u>/s/ Marda W. Sydnor</u>
**MARDA W. SYDNOR**

---

### CERTIFICATE OF SERVICE
---

I hereby certify that I have electronically filed the foregoing pleading with the Clerk of the Court using the Alafile system which will send notification of such filing to the following counsel of record in this case:

Ms. Rolessa Powell Coleman
714 32nd Street South
Birmingham, AL 35233
eph41112@aol.com

This the 15th day of September, 2017.

<u>/s/ Marda W. Sydnor</u>
OF COUNSEL

6